## LYMAN C. COLLINS

v.

## ORLANDO L. RICHARDSON.

JANUARY TERM, 1894.

*Trustee process. Right of plaintiff to move for continuance of suit between defendant and trustee.*

Where a third person has sued the plaintiff and summoned as his trustee the defendant in a suit pending in court, such person may, under R. L., s. 1126, enter in the pending suit and move that the same be continued to await the conclusion of his trustee process, although his own suit has not yet been entered in court.

Action, assumpsit. Heard upon motion that the same be continued, to await the termination of trustee proceedings, at the May term, 1893, Windsor county, MUNSON, J., presiding. The motion was granted and the case continued. The plaintiff excepts.

The plaintiff brought suit against the defendant, and the cause was referred. The referee found a sum due the plaintiff and thereupon one Whitcomb sued the plaintiff and summoned the defendant as trustee. At the May term, that being the term at which the referee's report was filed, Whitcomb entered and asked that the suit be continued pending his own trustee suit. The plaintiff claimed that, inasmuch as Whitcomb's suit had not yet been entered in court, the court had no right, as a matter of law, to continue

his suit.   The court held otherwise, and the plaintiff excepted.

*Norman Paul* for the plaintiff.

Whitcomb had no suit in court, and courts of law cannot take cognizance of suits until they are entered in court. *Wilson* v. *Rutland and Addison Fire Ins. Co.*, 19 Vt. 177; *Wadsworth* v. *Clark and Tr.*, 14 Vt. 139.

*W. E. Johnson* for Whitcomb.

The court had power and ought to have continued the suit pending the trustee process.   R. L., ss. 1125-7; *Twombley & Sax* v. *Clark*, 13 Vt. 124; *Wadsworth* v. *Clark, Tr.*, 14 Vt. 139; *Spicer* v. *Spicer*, 23 Vt. 678; *Jones & Dow* v. *Wood*, 30 Vt. 268.

START, J.   John L. Whitcomb brought a suit against the plaintiff and summoned the defendant as trustee. At the June term, 1893, Whitcomb appeared, as is provided in R. L., s. 1126, and moved that this cause be continued to await the termination of his trustee suit.   The court below had authority to continue the cause on the application of the plaintiff in the trustee suit, on reasonable terms.   R. L., s. 1126.   The court continued the cause on terms thereafter to be determined.   This was a proper exercise of its discretion, and its decision in this respect cannot be revised in this court.

*The order of continuance is affirmed and cause remanded.*